United States District Court
Southern District of Texas
**ENTERED**
January 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER C. EARLY** | § | |
| | § | |
| Plaintiff, | § | MISC ACTION NO. 7:14-MC-00210 |
| VS. | § | |
| | § | |
| **FEDEX** | § | |
| | § | |
| Defendant. | | |

# REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a *pro se* motion to proceed *in forma pauperis* ("IFP") and an attached civil complaint alleging that FedEx stole or lost his legal papers. (Dkt. Nos. 1 and 1-1). This case was referred to the undersigned United States Magistrate Judge for report and recommendation. After a careful review of the record and relevant law, the undersigned has determined that the Court lacks subject matter jurisdiction to adjudicate this case. The undersigned recommends that Plaintiff's complaint (Dkt. No. 1-1) be **DISMISSED** without prejudice for lack of jurisdiction. The undersigned further recommends that Plaintiff's motion to proceed IFP (Dkt. No. 1) be **DENIED** as moot and that this case be closed.

## I. JURISDICTION

Federal courts are courts of limited jurisdiction. "[I]t is incumbent upon federal courts . . . to examine constantly the basis of jurisdiction, doing so on our own motion if necessary." *Trizec Properties, Inc. v. United States Mineral Prods. Co.*, 974 F.2d 602, 604 (5th Cir. 1992). Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243

F.3d 912, 916 (5th Cir. 2001). Plaintiff bears the burden of establishing in his complaint that he has standing to sue in federal court. *Id.*

Plaintiff fails to establish federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Plaintiff asserts that FedEx stole or lost certain letters that Plaintiff has mailed. Plaintiff cites no legal authority, federal or state. His claim resembles an ordinary negligence or breach of contract claim. Plaintiff does not assert a federal question because he brings forth no claim arising under the Constitution or other federal law. *See* 28 U.S.C. § 1331.

Turning to diversity jurisdiction, diversity jurisdiction is proper when complete diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff is a Louisiana resident while FedEx, the defendant, is headquartered in Memphis, Tennessee. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (company's "principal place of business" for diversity jurisdiction is its headquarters or "nerve center").[1] Plaintiff, however, fails to meet the $75,000 threshold. Plaintiff fails to name a specific amount; however, Plaintiff does sue for his "money back." (Dkt. No. 1-1 at 2). Based on his attached receipts, Plaintiff paid FedEx $10.45 on January 13, 2014, $7.88 on January 21, 2014, $7.88 on January 27, 2014, and $7.88 on February 3, 2014. (*Id.* at 4-6, 8). In total, this amounts to $34.09 in controversy. From the face of the pleadings, it appears to be a "legal certainty" that

---

[1] Plaintiff lists the address of a FedEx office located in Baton Rouge, Louisiana. The undersigned understands Plaintiff's complaint to be lodged against FedEx as a corporate entity, and FedEx is not a Louisiana resident. *See Hertz Corp.*, 559 U.S. at 93-94 (rejecting general business activity test).

the amount in controversy is far below the required $75,000 threshold. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The Court does not have diversity jurisdiction.

For the reasons stated above, the Court lacks jurisdiction, and Plaintiff's tort claim must be brought in state court.[2]

## II. CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's complaint (Dkt. No. 1-1) be **DISMISSED** without prejudice for lack of jurisdiction. The undersigned further recommends that Plaintiff's motion to proceed IFP (Dkt. No. 1) be **DENIED** as moot and that this case be closed.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered

---

[2] It is additionally noted that Plaintiff's pleadings have "Middle District of Louisiana" in the headings, indicating that filing this action in the Southern District of Texas may have been in error. Venue is proper in a judicial district where the defendant residents, where a "substantial part" of the events giving rise to the claim occurred, or, if there is no proper judicial district, then any other district where the Court has personal jurisdiction over the defendant. *See* 28 U.S.C. § 1391(b). The case has no apparent connection to the Southern District of Texas. When faced with improper venue, the District Court may either dismiss or, in the interest of justice, transfer the case. 28 U.S.C. § 1406. While it may be preferable to transfer the case to the proper court rather than dismissing it—in order to preserve the plaintiff's ability to obtain relief—the Court can only transfer the case to "any district or division in which it could have been brought." *Id.*; *Nat'l Wildlife Fed. v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). There is no district court in which Plaintiff's case could have been brought because, regardless of venue, there is a lack of subject matter jurisdiction. Dismissal is preferable in this case.

in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 24th day of January, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge